JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS FITZPATRICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BOSTON MARKET CORP.,<br><br>Defendant. | No.:<br><br>CLASS ACTION COMPLAINT |

Thomas Fitzpatrick ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation for Plaintiff and similarly situated fast-food employees (collectively, "Manual Workers") who work or have worked as manual workers for Boston Market Corp. ("Boston Market" or "Defendant") at Boston Market retail fast-food restaurants in New York State.

2. Headquartered in Golden, CO, Boston Market is a fast food restaurant chain that sells food and beverages to retail customers in New York State and throughout the United States.

3. Upon information and belief, Boston Market operates more than forty (40) locations in New York and employs over 500 people in New York State, the vast majority of whom are Manual Workers, as outlined below.[1]

---

[1] *See* https://www.bostonmarket.com/location/ny (accessed on November 17, 2021).

4. At all relevant times, Defendant has compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

5. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

6. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similar Manual Workers.

7. Plaintiff brings this action on behalf of himself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 191, 198.

## THE PARTIES

**Plaintiff**

8. Thomas Fitzpatrick is an adult individual who is a resident of the State of New York.

9. From approximately July 2000 until March 2021, Fitzpatrick was employed as an Assistant Manager, General Manager, Area Supervisor and Area Manager at Boston Market.

10. Fitzpatrick is a covered employee within the meaning of the NYLL.

**Defendant**

11. Boston Market is a foreign business corporation organized and existing under the laws of Colorado.

12. Upon information and belief, at all times relevant hereto, Defendant was and is a corporation organized under the laws of the State of Delaware with headquarters located at 14103 Denver West Parkway, Golden, Colorado 80401.

13. Upon information and belief, Boston Market also has head offices in the State of Pennsylvania.

14. Boston Market was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

15. Boston Market has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

16. Boston Market applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

17. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

18. The great majority, if not all, members of the proposed class are citizens of states different from that of Defendant.

19. There are over 100 members in the proposed class.

20. Defendant is subject to personal jurisdiction in New York.

21. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Defendant conducts business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

22. Plaintiff brings the First Cause of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All manual workers who work or have worked at Boston Market Corp. fast-food establishments in New York State between

> November 19, 2015 and the date of final judgment in this matter, including but not limited to all Area Managers, General Managers, Assistant Managers, Shift Managers, Backup/Prep Employees, Carvers, Sandwich-makers, Servers, Cashiers, Dishwashers and Utility employees (the "New York Class").

23. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

24. There are more than one hundred members of the New York Class.

25. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

26. Plaintiff and the New York Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

27. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

28. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similar persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

30. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, whether Defendant compensated Plaintiff and the New York Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

31. Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

32. At all times relevant to this lawsuit, Boston Market owned and operated and continues to own and operate fast-food restaurants throughout New York State.

33. Boston Market hires various employees to, among other things, manage the food establishments, prepare food, serve customers, and clean the restaurants.

34. Plaintiff Fitzpatrick was employed by Boston Market as an Assistant Manager, General Manager, Area Supervisor and Area Manager from approximately 2000 until approximately March 2021.

35. Between approximately November 2015 and April 2018, Fitzpatrick was employed at times as a General Manager and other times as an Area Supervisor for Boston Market stores located in Staten Island, NY.

36. For the periods of time that Fitzpatrick was a General Manager, Fitzpatrick was responsible for managing one Boston Market store in Staten Island.

37. For the periods of time that Fitzpatrick was an Area Supervisor, Fitzpatrick was responsible for managing three Boston Market stores in Staten Island.

5

38. From approximately May 2018 until November 2018, Fitzpatrick was an Area Supervisor and was responsible for managing four stores in Staten Island, NY and New Jersey.

39. During this time, Fitzpatrick spent approximately half of his work time in New York and the other half of his work time in New Jersey.

40. In or around November 2018 Fitzpatrick was promoted to Area Manager and was charged with overseeing between 5-20 stores in New Jersey.

41. From in or around September 2019 until November 2019, Boston Market once again required Mr. Fitzpatrick to supervise and work at stores in Staten Island, NY.

42. As a General Manager, Fitzpatrick was responsible for, among other things, accepting and organizing food deliveries, emptying boxes, managing inventory, making small repairs, and opening and closing duties.

43. Fitzpatrick was also responsible at various times with helping all the other employees perform their duties including preparing food, serving customers, and cleaning the restaurant.

44. During the entirety of the time Plaintiff was employed by Boston Market, over seventy-five percent of his duties were physical tasks.

45. In addition to General Managers, Area Supervisors and Area Managers, Boston Market employees individuals in the following positions at each Boston Market location: "Assistant Managers," "Shift Managers," "Backups/Preps," "Carvers/Sandwich-Makers," "Servers," "Cashiers," "Dishwashers," and "Utilities."

46. Assistant Managers and Shift Manager duties include performing the same duties as those the General Managers performed during the times the General Manager is not present in the restaurant.

47. Backups' are responsible for preparing the hot food at the restaurants and their duties include cooking and warming food and bringing it to a "hot case" where food is kept warm.

48. Backups are also responsible for preparing food such as cutting vegetables and prepping the side dishes that are included with customers' orders.

49. Carvers are responsible for preparing all cold food in the restaurants and their duties include cutting chicken and turkey, and preparing meatloaf.

50. Carvers are also responsible for preparing sandwiches and salads.

51. Servers are responsible for organizing customers' food orders and plating the orders.

52. Servers are also responsible for ensuring that paper products are properly stocked throughout the restaurants and that eating areas are cleared and clean.

53. Cashiers are responsible for taking customers' orders and prepping desserts.

54. Cashiers are also responsible for ensuring that their work station is stocked with all items, including napkins and disposable cutlery, that customers may need.

55. Dishwashers are responsible for cleaning all the equipment used to prepare food at the restaurant including spits, rotisserie ovens, and dishes.

56. Dishwashers are also responsible for taking out garbage in the evenings and helping the servers keep the stores clean.

57. Utilities are responsible for preparing all the meat dishes in the restaurant.

58. Specifically, the utilities arrive before the restaurants open for business and take all the meat that is needed for that day out of the fridge or freezer and unpackage it.

59. For example, they take the meatloaves out of the fridge and place them in pans and take the chickens out of the fridge and set them on spits.

60. The Utilities then prepare the items to be cooked even though the food items are not cooked until later in the day.

61. Utilities are also generally responsible for taking garbage out in the mornings.

62. Utilities are responsible for consistently sanitizing their prep areas to ensure that there is no cross contamination between food items.

63. On some occasions, the Utilities may load food into the ovens. However, on most occasions, the carvers were responsible for doing so.

64. Some employees worked in more than one position in the same shift.

65. For example, a Cashier may perform Server duties in the same shift. On these occasions they are tasked with cleaning tables and organizing customers' orders during the times they are not busy taking orders at the cash register.

66. Assistant Managers, Shift Managers, Backups/Preps, Carvers/Sandwich-Makers, Servers, Cashiers, Dishwashers, and Utilities spent almost the entirety of their shifts, if not the entirety of their shifts, performing manual labor.

67. Despite regularly spending the majority of their shifts performing physical tasks, Fitzpatrick and his coworkers were compensated by Defendant on a bi-weekly basis.

68. As general manager, Fitzpatrick submitted time records and payroll records to Defendant's payroll companies. As a result of these duties, Fitzpatrick has personal knowledge that all putative Class Members were paid on a bi-weekly basis.

69. Fitzpatrick has also frequently visited various Boston Market stores. As a result of these visits, he is thoroughly familiar with the various positions and job duties of employees at Boston Market.

70. Fitzpatrick frequently spoke to store level employees at Boston Market and he is thus familiar with their job duties as well as with how frequently they were paid.

71. As an example of the frequency of Fitzpatrick's pay, for the period beginning on December 18, 2017 and ending December 31, 2017, Plaintiff was paid his lawfully earned wages on January, 5 2018. *See* **Exhibit A**, Fitzpatrick Paystub.

72. In this regard, Defendant failed to pay Fitzpatrick his wages earned from December 18, 2017 to December 24, 2017 by January 1, 2018, as required by NYLL § 191(1)(a).

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

75. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a) when they were employed by Boston Market.

76. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of

9

record as Class Counsel;

  C. Liquidated damages permitted by law pursuant to the NYLL;

  D. Prejudgment and post-judgment interest;

  E. Reasonable attorneys' fees and costs of the action; and

  F. Such other relief as this Court shall deem just and proper.


Dated: New York, New York    Respectfully submitted,
    November 19, 2021      JOSEPH & KIRSCHENBAUM LLP

           By: *s/ D. Maimon Kirschenbaum*
             D. Maimon Kirschenbaum
             Josef Nussbaum
             32 Broadway, Suite 601
             New York, NY 10004
             Tel: (212) 688-5640
             Fax: (212) 688-2548

# EXHIBIT A



| Employee Name: | Thomas Fitzpatrick | Pay Date: | 1/5/2018 |
|---|---|---|---|
| Employee #: | 108971 | Pay Period: | 12/18/2017 - 12/31/2017 |
| Employee Address: | 31 Marc Street, Staten Island, NY 10314 | Deposit Advice #: | 187545190 |
| Department: | Restaurant | Pay Frequency: | Bi-Weekly |
| Job Title: | General Manager | Pay Rate: | $2,376.92 |
| | | Federal Filing Status: | Single |
| | | Federal Exemptions: | 1/$0.00 |
| | | Local Exemptions: | 0 (New York City) |
| | | State Filing Status: | Single (NY) |
| | | State Exemptions: | 0/$0.00 (NY) |

**Employer Name:** Boston Market Corporation
**Employer Phone:** 303-216-5842
**Employer Address:** 14103 Denver West Parkway, Golden, CO 80401

|  | Current 12/18/2017 - 12/31/2017 | | | YTD As of 12/31/2017 | |
|---|---|---|---|---|---|
|  | Hours/Units | Rate | Amount | Hours/Units | Amount |
| **Earnings** | 80.00 | | **$2,376.93** | 80.00 | **$2,376.93** |
| Regular | 32.00 | 29.7117 | $950.78 | 32.00 | $950.78 |
| Vacation | 40.00 | 29.7115 | $1,188.46 | 40.00 | $1,188.46 |
| Flex Day | 8.00 | 29.7115 | $237.69 | 8.00 | $237.69 |
| **Taxable Benefits** | | | **$213.89** | | **$213.89** |
| Group Term Life | | | $13.89 | | $13.89 |
| AwardwithCheck | | | $200.00 | | $200.00 |
| **Pre-Tax Deductions** | | | **$249.11** | | **$249.11** |
| 401K % | | | $128.85 | | $128.85 |
| Dental Pre-Tax | | | $13.00 | | $13.00 |
| Medical Pre-Tax | | | $95.00 | | $95.00 |
| Vision Pre-Tax | | | $2.26 | | $2.26 |
| Health Sav Acct | | | $10.00 | | $10.00 |
| **Taxes** | | | **$746.61** | | **$746.61** |
| Fed W/H | | | $357.00 | | $357.00 |
| FICA EE | | | $153.17 | | $153.17 |
| Fed MWT EE | | | $35.82 | | $35.82 |
| NY W/H | | | $117.31 | | $117.31 |
| NY DT EE | | | $1.20 | | $1.20 |
| NY FLIT | | | $3.27 | | $3.27 |
| NYCCityW/H | | | $78.84 | | $78.84 |
| **Post-Tax Deductions** | | | **$5.00** | | **$5.00** |
| Shoes for Crews | | | $5.00 | | $5.00 |
| | Routing # | Account # | Amount | | Amount |
| **Net Pay** | | | **$1,376.21** | | **$1,376.21** |
| Direct Deposit | 231372691 | XXXXXX0147 | $1,376.21 | | |