UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS FITZPATRICK AND ARTHUR J.
CAPUTO, INDIVIDUALLY AND BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

                    Plaintiffs,

          v.

BOSTON MARKET CORP.,

                    Defendant.

**DECLARATION OF GREGORY B. REILLY**

Civil Action No.: 21-cv-9618

## DECLARATION OF GREGORY B. REILLY

Gregory B. Reilly, hereby declares pursuant to 28 U.S.C. Section 1746 as follows:

1.      I am a member of the law firm of Bond Schoeneck & King PLLC, the attorneys for the Defendants in the above-captioned matter.  Unless otherwise stated, the statements below are true and correct and based upon my personal knowledge.

2.      We represent Defendant, Boston Market Corporation ("BMC"), in the above captioned action. As explained below, for the past weeks the parties were in intermittent discussions attempting to settle this matter (and possibly Plaintiff Fitzpatrick's separate discrimination lawsuit pending in the Eastern District, *see* Docket No.18).

3.      BMC does not oppose the Plaintiff's motion for class certification.  BMC does not oppose it because although class certification may be appropriate, the case otherwise lacks any merit for reasons that I have discussed with opposing counsel several times both orally and in writing.  Accordingly, if necessary, BMC intends to file a motion for summary judgment.

4.      Under NYS law certain employers, like BMC, are authorized to pay manual workers less frequently than weekly pursuant to New York State Labor Law Section 191.1a(ii) if they receive an exemption from the New York State Department of Labor ("NYSDOL").

5.      After this case was filed, we learned that BMC <u>might</u> have requested the necessary exemption from the NYSDOL of New York's weekly pay requirement for manual workers under Section 191.1a(ii), which requirement is otherwise the sole legal claim in the putative class action. We asked that our client investigate its records, but it could not find any evidence in its files that a NYSDOL exemption was either requested or granted.

6.      However, we subsequently discovered that the exemption was granted by the NYSDOL and not only for our client BMC, but other business entities in New York that are listed on the NYSDOL's publicly accessible website as having been granted an exemption. [See **Exhibit A**] (also available at: https://dol.ny.gov/system/files/documents/2022/04/authorized-employers-monthly-report.pdf).

7.      The exemption was granted on October 4, 2004 and it applies to the present. The exemption was in effect during the entire time of Plaintiffs' and the putative class's claim in this lawsuit. *See* Exhibit A.

8.      As soon as we learned of this, we advised opposing counsel on June 20, 2022 and requested that they voluntarily dismiss the putative class action.  They have thus far refused to do so, but we were in discussions with them to that effect before they filed their most recent request for an expedited decision on the pending motion for class certification. For this reason, *inter alia,* BMC did not oppose Plaintiffs' Motion for Class Certification as we thought we could/should resolve this matter voluntarily under the circumstances.

9.      Plaintiffs' counsel advised that they did not wish to rely on NYSDOL's website's listing before relinquishing their claims in this case.  Instead, they requested that we provide some documentation of BMC requesting the waiver from the NYSDOL.  Although we did not think this should be necessary considering the NYSDOL website, in an effort to resolve this

13741125.2 2/22/2022

matter we served the NYSDOL with a subpoena and also made a FOIA request to the NYSDOL. On August 12, 2022 we received from the NYSDOL a response to our FOIA request, which reflects that BMC requested the waiver.  *See* Exhibit B (starting at page 11). The attached Exhibit B shows that BMC requested the exemption and the NYSDOL website reflects that the exemption granted by the NYSDOL in 2004.  *See* attached Exhibits A, B and C.

10.     On August 9th we drafted and sent to opposing counsel a proposed joint letter to the Court for opposing counsel's review to advise the Court of this matter's status, but we received no edits or comments before opposing counsel filed its letter seeking expedited consideration of it pending motion for class certification.  *See* Docket No. 37.

11.     I swear under the penalty of perjury that the foregoing is true and correct.


Executed:  August 12, 2022                                    /s/
                                                      Gregory B. Reilly

13741125.2 2/22/2022