9-29-04;10:13AM   PAYROLL AND A/P                    ;3032165465          #   1/ 10

Mike Orr
14103 Denver West Parkway
Golden, CO  80401
303-216-5810
303-216-5465
morr@bost.com

**Boston Market Corp**

# Fax

| **To:** | E. Davidow | **From:** | Mike Orr |
|---|---|---|---|
| **Fax:** | 212-352-6188 | **Pages:** | 9 |
| **Phone:** | | **Date:** | 9/29/2004 |
| **Re:** | Wage Claim 06-00-0113 | **CC:** | |

☐ **Urgent**   ☑ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

● **Comments:**  Information you requested.

Rec-0011722  001

9-29-04;10:13AM  M PAYROLL AND A/P                                    ;3032185465                    #  2/ 10



To:    Ms. Jennie Schleimer

From:  Mike Orr

Date:  September 21, 2004

Re:    Keith Shoemaker 06-00-0113

Ms. Schleimer per our phone conversation this morning I am responding to you in writing with the attached documentation to release the liability of Boston Market Corporation with regards to the Wage Claim 06-00-0113.

Per the United States Bankruptcy Court statement attached Boston Market Corporation cannot be held accountable for any Liens, Claims, and Interests.  All Liens, Claims, and Interests need to be directed to the Trustee if the occurred before May 26th, 2000.

The Trustee contact information is:

Gerald K. Smith
Lewis and Roca, LLP
40 North Central Ave
Phoenix, AZ  85004-1429
(602) 262-5348

As we go forward please direct any Wage Claims that occur after May 26th, 2000 to our corporate headquarters located at:

Boston Market Corporation
14103 Denver West Parkway
Golden, CO  80401
Attn:  Mike Orr

Thank you for your diligence in this matter and my apologies for it not being handled sooner.

Regards,

Mike Orr
Director of HR Operations
Boston Market Corporation

Rec-0011722  002

Boston Market Corporation    •    14103 Denver West Parkway    •    Golden  CO  80401    •    303.278.9500    •    303.216.5335 fax

9-29-04; 10:13AM; PAYROLL AND A/P ;3032185465 # 3/ 10

09/20/04  MON 11:43 FAX 518 457 8452         LABOR STANDARDS                    @003



**STATE OF NEW YORK**
**DEPARTMENT OF LABOR**
**DIVISION OF LABOR STANDARDS**

DATE: **FEBRUARY 7, 2000**

ADDRESS REPLY TO:
**State Office Campus, Bldg 12**
Room 185 - A
Albany, NY  12240
Fax:  (518) 457-8452

**BOSTON MARKET**
**1225 WESTERN AVE**
**ALBANY, NY  12203**

REFER TO:
**06-00-0113**

Claim(s) for wages and/or wage supplements have been filed against you by the following employee(s):

| Name | Occupation | Salary | Type of Claim | Period of Claim | Amount |
|------|-----------|--------|---------------|-----------------|--------|
| SHOEMAKER, KEITH F | MANAGER | $923.07 / Bi-weekly | UNPAID WAGES | 10/18/99 - 11/14/99 | $92.31 |
| SHOEMAKER, KEITH F | MANAGER | $923.07 / Biweekly | VACATION/BONUS | 1/1/99 - 11/9/99 | $1,096.21 |
|  |  |  |  | Total | $1,188.52 |

This Department, in accordance with the New York State Labor Law, has been authorized to collect the amounts due and shown for the employee(s) as listed above.

If these claims are correct, please remit within ten (10) days by check or money order, made payable to the Commissioner of Labor, and forward payment to the office specified above. Payment should be in the amount due after legal deductions, and deductions should be itemized to show differences between the gross amounts claimed and the net pay.

If, however, you do not agree that these amounts are due and payable to the claimant(s), we would appreciate a full statement from you giving your reasons. You should include a copy of any payroll record, policy, contract, etc. to substantiate your position. Your federal employer identification (FEIN) must be shown on all payments and correspondence submitted to this office.

Rec-0011722  003

3032165359                              BOSTON MARKET                    10:47:13 a.m.     09-21-2004          1 /7

```
 1    LEWIS AND ROCA, L.L.P.
      40 North Central Avenue
 2    Phoenix, Arizona 85004-1429
      Facsimile (602) 262-5747
 3    Telephone (602) 262-5311
      Susan M. Freeman-State Bar No. 004199
 4    E-mail: sfreeman@lrlaw.com

 5    AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
      1900 Pennzoil Place – South Tower
 6    711 Louisiana
      Houston, Texas 77002
 7    Telephone (713) 220-5800
      Facsimile (713) 236-0822
 8
      AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
 9    2029 Century Park East, Suite 2600
      Los Angeles, California 90067
10    Telephone:    (310) 229-1000
      Facsimile:    (310) 229-1001
11
12    H. Rey Stroube, III – Texas State Bar No. 194220
      Jeffrey C. Krause – California Bar No. 94053
13    E-mail: e-filer@akingump.com

14    Attorneys for Debtor BCE West, L.P., et al.

15
16                  IN THE UNITED STATES BANKRUPTCY COURT

17                     FOR THE DISTRICT OF ARIZONA

18    In Re:                        )  Proceedings Under Chapter 11
      BCE WEST, L.P. et al.,         )
19               Debtors.           )  Case No. B98-12547-ECF-CGC through 98-
                                     )  12570-ECF-CGC
20                                   )  Jointly Administered
                                     )
21                                   )  ORDER CONFIRMING DEBTOR'S THIRD
                                     )  AMENDED PLAN FILED ON MAY 3, 2000
22                                   )
                                     )  Date:  May 11, 2000
23                                   )  Time:  9:00 a.m.
                                     )  Place: Courtroom Six
24
25
26          The "Debtors' Third Amended Plan Filed May 3, 2000" (the "Amended Plan") filed by

27    Boston Chicken, Inc. ("BCI") and its affiliates that are debtors in the above-captioned chapter

28    11 cases that have been consolidated for purposes of administration (collectively, the
```

1    "Debtors")[1] came on for confirmation hearing before the undersigned in his Courtroom 6, 2929

2    N. Central Avenue, 10th Floor, Phoenix, Arizona 85067-4151 at 9:00 a.m. on May 11, 2000.

3    Appearances are reflected in the record. The "Debtors' Second Amended Plan filed February

4    17, 2000" (the "Original Plan") and the Disclosure Statement with respect thereto having been

5    transmitted to all creditors with a right to vote to accept or reject the Original Plan and the

6    Abbreviated Disclosure Statement having been transmitted to all other creditors and all equity

7    security holders; all of the foregoing the notices included the deadline for filing objections to

8    confirmation and for casting ballots accepting or rejecting the Original Plan;

9        This Court having determined after notice and a hearing that the requirements of

10   confirmation set forth in 11 U.S.C. §§ 1129(a) and 1129(b) have been satisfied for the reasons

11   set forth in the Findings of Fact and Conclusions of Law in Support of Entry of Confirmation

12   Order entered simultaneously herewith; and good cause appearing, NOW, THEREFORE,

13        IT IS ORDERED, THAT:

14        1.    The Amended Plan is confirmed;

15        2.    Pursuant to Bankruptcy Code §§363, 365, 1123(a)(5)(D), 1123(b)(2) and

16   1123(b)(4), the Debtors are authorized to transfer all of their assets, other than the Retained

17   Assets, to Golden Restaurant Operations, Inc. (the "Buyer"), a wholly owned subsidiary of

18   McDonald's Corporation ("McDonald's"), free and clear of all Liens, Claims, and Interests, and

19   all Liens on such assets shall attach to the proceeds thereof, with the same validity, priority,

20   force and effect that they currently have on the assets being transferred, except as otherwise

21   expressly provided in the Amended Plan;

22        3.    Pursuant to 11 U.S.C. § 365, the Debtors are authorized to assume and to assign

23   to the Buyer those executory contracts, other than leases of nonresidential real property (the

24   "Executory Contracts") (a) listed on Schedule 1.1.4A filed with this Court as an exhibit to the

25   Asset Purchase Agreement, excluding any that were identified as rejected on the list filed with

26   this Court at the May 11, 2000 confirmation hearing, and (b) those Executory Contracts marked

27

28

---

[1] Capitalized terms used herein shall have the meanings set forth in the Amended Plan.

2

1615627.01

1  as transferred to Schedule 1.1.4A on the list filed with this Court as an Exhibit at the

2  confirmation hearing on May 11, 2000;

3      4.    The Debtors shall be responsible for all monetary cure payments under the

4  Executory Contracts that are assumed and assigned hereunder for payments due prior to the

5  Effective Date (except to the extent that any such payments may be included in the

6  determination of "Net Working Capital" under and as defined in the Asset Purchase

7  Agreement) from the Cash proceeds received from the Buyer, and the Buyer shall assume any

8  and all responsibility for performance under the assigned Executory Contracts from and

9  including the Effective Date;

10     5.    To the extent that any of the insurance policies are deemed to be an Executory

11  Contract, each such policy is assumed hereunder and retained by the Estates;

12     6.    Pursuant to 11 U.S.C. § 365, the Debtors are authorized to reject those

13  Executory Contracts listed on Schedule 1.1.4C filed with this Court as an exhibit to the Asset

14  Purchase Agreement and those Executory Contracts marked as transferred to Schedule 1.1.4C

15  on the list filed with this Court as an Exhibit at the confirmation hearing on May 11, 2000;

16     7.    The treatment of the bonds issued by The Hartford Fire Insurance Company

17  shall be governed by the written stipulation to be filed by the Debtors and The Hartford and if

18  the Amended Plan becomes effective those bonds shall be deemed rejected as of the Effective

19  Date;

20     8.    Pursuant to this Court's prior Order the Debtors shall file lists of those leases of

21  nonresidential real property ("Leases") to be assumed and assigned to the Buyer and those

22  Leases to be rejected, not later than the day after the entry of this Order and this Court shall

23  hold a hearing at 10:00 a.m. on May 23, 2000 on the Debtors' motion to (a) assign previously

24  assumed Leases, (b) assume and assign designated Leases, and (c) reject all other Leases;

25     9.    The Buyer is not affiliated in any way with any of the Debtors and is entitled to

26  the protections provided by 11 U.S.C. § 363(m) with respect to any and all of the assets

27  transferred, including without limitation any and all Executory Contracts assigned to the Buyer

28  pursuant to the Amended Plan and any and all interests in real property and all Leases that shall

3

1    be assigned to the Buyer pursuant to the Amended Plan, this Order and the supplemental order

2    on the Debtors' motion to assign Leases that is currently calendared for hearing on May 23,

3    2000, because the Buyer is a purchaser in good faith, for value;

4           10.    Any Creditor, Lien claimant or other party with an alleged interest in any of the

5    assets being transferred pursuant to this Order free and clear of all Liens, Claims, and Interests

6    shall execute the appropriate title transfers and Lien releases with respect to the transfer of

7    released property;

8           11.    With the exception of the obligations that Buyer has agreed to assume as

9    "Assumed Liabilities" or arising under an Executory Contract or Lease that is assumed pursuant

10   to the Amended Plan (a) the Buyer shall not assume any responsibility for any other liabilities,

11   obligations, or Claims against the Debtors, (b) the Buyer is not a successor to the Debtors under

12   any contracts that are not assumed under the Amended Plan, including without pursuant to the

13   procedures set forth in Paragraph 8, above, and (c) except as otherwise expressly provided in

14   the Amended Plan or this Confirmation Order, all entities who have held, hold, or may hold

15   Claims against, or Interests in, the Debtors will be permanently enjoined on and after the

16   Effective Date, from (i) the enforcement, attachment, collection or recovery by any manner or

17   means of any judgment, award, decree or order against the property, against the Estates or

18   against the proceeds of such property, including without limitation property transferred to the

19   Buyer (except with respect to liabilities expressly assumed by the Buyer), on account of any

20   such Claim or Interest, (ii) creating, perfecting or enforcing any encumbrance of any kind

21   against the property or interests in such property while it remains in the Estates, on account of

22   any such Claim or Interest, (iii) asserting any right of set-off, subrogation or recoupment of any

23   kind against any obligation due to any of the Debtors or against the property or interest in

24   property of any of the Debtors on account of any Claim or Interest except to the extent the claim

25   is a Set-off Claim, and (iv) asserting any Claim or Interest against Buyer or McDonald's other

26   than Claims (A) directly related to the assumed liabilities or rights under the Executory

27   Contracts and Leases that are assigned to the Buyer, and (B) of the Debtors, the Estates or the

28   1996 Lenders arising under the Asset Purchase Agreement;

4

1     12.    Neither the Debtors nor any of their respective present or former partners,

2   members, officers, directors, employees, advisors, attorneys, or agents, shall have or incur any

3   liability to any holder of a Claim or an Interest, or any other party in interest, or any of their

4   respective directors, officers, employees, agents, representatives, financial advisors, attorneys,

5   or affiliates, or any of their successors or assigns, for any act or omission in connection with,

6   relating to, or arising out of. the Chapter 11 Cases, the sale of the Debtors' assets pursuant to

7   the Asset Purchase Agreement, the solicitation of acceptances of the Original Plan or the

8   Amended Plan, the pursuit of confirmation of the Original Plan or the Amended Plan, the

9   consummation of the Amended Plan, or the administration of the Estates or of the Amended

10   Plan or the property to be distributed under the Amended Plan, so long as such act or omission

11   was made in good faith and not in willful violation of the Bankruptcy Code. In all respects they

12   shall be entitled to reasonably rely on the advice of counsel with respect to their duties and

13   responsibilities under the Amended Plan.

14     13.    Notwithstanding any other provision of the Amended Plan, no holder of a Claim

15   or Interest, no other party in interest, none of their respective directors, officers, partners,

16   members, shareholders, agents, employees, representatives, financial advisors, attorneys, or

17   affiliates, and no successors or assigns of the foregoing, shall have any right of action against

18   any Debtor, or any of their respective present or former partners, members, officers, directors,

19   employees, advisors, attorneys, or agents, for any act or omission in connection with, relating

20   to, or arising out of the Chapter 11 Cases, the sale of the Debtors' assets pursuant to the Asset

21   Purchase Agreement, the solicitation of acceptances of the Amended Plan, the pursuit of

22   confirmation of the Amended Plan, the consummation of the Amended Plan, or the

23   administration of the Estates or of the Amended Plan or the property to be distributed under the

24   Amended Plan, so long as such act or omission was made in good faith and not in willful

25   violation of the Bankruptcy Code. In all respects they shall be entitled to reasonably rely on the

26   advice of counsel with respect to their duties and responsibilities under the Amended Plan.

27     14.    Notwithstanding any other provision of this Order or the Amended Plan, this

28   Court shall retain jurisdiction over those matters discussed in Article IX of the Amended Plan.

5

Rec-0011722  008

9-29-04;10:13AM   PAYROLL AND A/P                              ;3032185465        # 9/ 10

3032185359                    BOSTON MARKET              10:49:58 a.m.  09-21-2004    6/7

15.   The sale to the Buyer is a sale of substantially all of the Debtors' assets, including their trademarks within the meaning of Paragraph 24 of the Heinz Agreement. The transfer complies with the Heinz Agreement because (a) the Buyer has agreed to be bound by all terms and conditions of the Heinz Agreement and to perform all obligations of the Debtors thereunder, and (b) that Heinz may enforce the Heinz Agreement against the Buyer.

16.   All leases by and among any of the Debtors are terminated;

17.   All Cash in the Collateral Account, as defined in the Adequate Protection Order, shall be distributed to the 1996 Lenders on the Effective Date;

18.   The City and County of Denver, Colorado withdrew their objections to confirmation in exchange for an agreement that their tax Claims shall be dealt with as follows under the Amended Plan: (a) allowance of $18,621.55 for 1999 personal property taxes that will be paid per the Amended Plan with statutory interest from the Effective Date, Lien if any retained on the Cash proceeds from the sale to Buyer; (b) the sale to the Buyer will be subject to the 2000 personal property taxes, to be treated as assessed now, but Denver will refrain form any collection efforts until the regular statutory time; (c) administrative priority sales and use taxes, employee taxes and business and occupational privilege taxes for the months beginning November, 1999 and after to be paid per the Amended Plan upon allowance, including those arising after the filing of the proof of Claim; (d) sales tax resulting from the sale to the Buyer will be paid at closing (estimated at $26,500); and

19.   The Debtors shall segregate $525,000 of the Cash proceeds from the sale into a separate bank account and the Liens of Marlene and Elmer Spaeth shall attach to that account. The Debtors shall provide the Spaeths with written confirmation that said account has been established. On or before June 12, 2000 the Plan Trustee shall either settle the Allowed amount of the Spaeths' secured Claim or shall file an objection thereto. The Spaeths' Allowed Claim

6

1   will be paid promptly from the segregated account as soon as the amount thereof has been

2   resolved by settlement or by Final Order.

3

4   Dated: May 15, 2000                    BY THE BANKRUPTCY COURT

5

6                                          UNITED STATES BANKRUPTCY JUDGE
                                           HON. CHARLES G. CASE II
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rec-0011722 010

Case 1:21-cv-09618-PAE Document 39-3 Filed 08/13/22 Page 11 of 29



To:    E. Davidow

From: Mike Orr, Director of HR Operations

Date: 9/14/04

Re:    Application for Weekly to Bi-Weekly Payrolls

Ms. Davidow – Please consider this letter as a formal request for you to consider
Boston Market Corporation as a candidate to switch our weekly pay cycles to
biweekly pay cycles. Attached you will find all of the documents and information
that you requested as part of the application process.

Regards,

Mike Orr
Director of HR Operations
Boston Market Corporation

Rec-0011722 011



Letters of Attestment

1. A letter of Confirmation is attached with the number of employees on Boston Markets payroll for the state of New York for years 2001, 2002, 2003, and 2004.
2. Policy Numbers for Workers Compensation and Disability Coverage please see attached letter of Confirmation for those policies.

Workers Compensation
Zurich Insurance Company
Policy
Policy Period 11/01/03 – 11/01/04

Disability Policy
New York State Disability Plan
Policy
Policy Effective 1/1/03

3. Federal Employer Identification Number is 364325852
4. We utilize a Human Resource Information System thru Peoplesoft for North American Payroll, Human Resources, and Benefits. See attached letter of confirmation.
5. Boston Market Corporation is a non-union worksite in the state of New York.

Regards,

Mike Orr
Director of HR Operations
Boston Market Corporation



Letter of Confirmation for Computerized Record Keeping


Boston Market Corporation maintains a Human Resource Information System thru Peoplesoft for North American Payroll, Human Resources, and Benefits. Employee payroll records are maintained indefinitely for all hours worked, rate of pay, gross wages, deductions and date of pay for each employee.  This information is available thru Boston Market's corporate office located in Golden, Colorado.  To request employee specific information please contact the Employee Support Center at 1-800-340-2836.


Regards,

Mike Orr
Director of HR Operations
Boston Market Corporation



Letter of Confirmation for Workers Compensation and Disability Policies

**Workers Compensation**
Zurich Insurance Company
Policy
Policy Period 11/01/03 – 11/01/04

This policy is reviewed annually, which necessitates a policy period of only 1 year.

**Disability Policy**
New York State Disability Plan
Policy
Policy Effective 1/1/03

This policy has been in place with since January of 2003 with an open-end date. The policy stipulates that in order to terminate the policy a written notification must be furnished by either party. The policy is currently in effect.

Regards,

Mike Orr
Director of HR Operations
Boston Market Corporation



Letter of Confirmation for New York Headcount


        This letter is to confirm that on the below stated dates that Boston Market
Corporation did employee over 1000 employees in the State of New York.  The
below stated dates are actual headcount numbers.

July 8th 2001 = 1135 employees
July 7th 2002 = 1226 employees
July 6th 2003 = 1113 employees
July 7th 2004 = 1113 employees


Regards,

Mike Orr
Director of HR Operations
Boston Market Corporation



STATE OF NEW YORK
## DEPARTMENT OF LABOR

www.labor.state.ny.us

**DATE:** August 11, 2004

## TELEFAX TRANSMITTAL FORM

PLEASE DELIVER TO:    Mr. Mike Orr, Director of HR Operations

OFFICE NAME AND ADDRESS:    Boston Market Corporation, 14103 Denver West Parkway, Golden, CO 80401

FLOOR:          ROOM:          PHONE NO:  (303) 278-9500   FAX NO:  (303) 216-5335

FROM:  Supervisor E. Davidow, Administrative Services Unit, New York State Department of Labor
           Name

           Division of Labor Standards, PO Box 675, 345 Hudson St., Rm 6309, NY, NY 10014-0675
           Office Location

PHONE NO: (212) 352-6044                              FAX NO.: (212) 352-6188

COMMENTS:  Please see attached correspondence.

NUMBER OF PAGES BEING TRANSMITTED:  __5__  (including cover sheet)

This communication is intended only for the use of the named addressee and may contain information which is privileged, confidential and/or exempt from disclosure under applicable law.  If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you receive this communication in error, please notify me immediately by telephone to arrange the immediate return of the communication.

GA 150 (10/02)

Rec-0011722  016



**STATE OF NEW YORK**
**DEPARTMENT OF LABOR**
DIVISION OF LABOR STANDARDS
PO Box 675
New York, NY 10014-0675

August 11, 2004

Mr. Mike Orr
Director of Human Resources Operations
Boston Market Corporation
14103 Denver West Parkway
Golden, CO 80401

Dear Mr. Orr:

This is in response to your memo dated August 2, 2004 wherein you request that **Boston Market Corporation** be granted permission to pay its manual workers in New York State less frequently than on a weekly basis. I have enclosed a copy of Section 191.1a(ii) of the New York State Labor Law which, upon authorization, allows either a bi-weekly or a semi-monthly payment frequency.

In order to establish that **Boston Market Corporation** meets the qualifying criteria, the following documentation should be forwarded to this office for review:

A letter from a responsible official attesting to:

- the number of all employees on the employer's payroll in New York State at the end of a pay period from last month and from pay periods 12 months, 24 months and 36 months earlier **OR** the number of all employees on the employer's payroll in New York State at the end of a pay period from last month and from the pay period 12 months earlier and the average number of employees outside of New York State during the last three years. **(Please note that the statute requires that the employer *"has in the three years preceding the application employed an average of one thousand or more persons in this state or has for one year preceding the application employed an average of one thousand or more persons in this state and has for three years preceding the application employed an average of three thousand or more persons outside the state."*)**

- the policy numbers, effective dates and names of insurers providing the employer's current Workers' Compensation and Disability Coverage;

- the employer's Federal Employer Identification Number (FEIN);

- whether the employer has a computerized record-keeping system for payroll which specifies hours worked, rate of pay, gross wages, deductions and date of pay for each employee;

- whether any of the employer's manual workers in New York State are represented by a labor organization. If they are, the employer should present either a letter from an appropriate official of each such union attesting to the fact that it consents to the requested pay period extension or a copy of the contract, currently in force, in which a bi-weekly or semi-monthly pay period has been agreed upon.

Rec-0011722  017

Please note that the term "employer" in this context means one legal entity, and may not be extended to cover several legally distinct entities related by common ownership.

The statute requires proof that there are no outstanding warrants against the employer for failure to remit Unemployment Insurance contributions. To allow the Division of Unemployment Insurance to provide this proof to us directly, it will be necessary for a responsible officer of the employer to execute the enclosed RELEASE FORM and return it to us along with the documentation enumerated above.

The statute also requires proof that there are no outstanding warrants against the employer for failure to remit state Personal Income Tax withholdings. You may obtain such proof by writing to the Department of Taxation and Finance and asking them to furnish you with a letter certifying that fact. The appropriate address is as follows:

> Ms. Carolyn Catalano
> New York State Department of Taxation and Finance
> State Office Building Campus
> Building #8, Room 438
> Albany, NY 12227
> (518) 457-1980

In your correspondence to the above agency, please be sure to refer to your Federal Employer Identification Number (FEIN). After you receive a response, please forward the original to this office. Upon our receipt from you of the statement by the Department of Taxation and Finance, we will initiate our review of your application and will notify you promptly if it is not in order. Subsequently, the Commissioner of Labor will apprise you directly of her decision concerning your request.

If you have any questions or concerns, please feel free to phone me at (212) 352-6044.

Very truly yours,

E. Davidow
Supervising Labor Standards Investigator
Administrative Services Unit

2

Rec-0011722   018



Boston Market Corporation
P.O. Box 4086
14103 Denver West Parkway
Golden  Colorado 80401-4086
303.278.9500

RECEIVED
DIV. OF LABOR STANDARDS
A.S.U.

JUL - 3 2001

New York State
Division of Labor Standards Board
PO Box 675
New York, NY 10014-0675
Attn:   Ellen Davidow

June 28, 2001

Dear Ellen,

McDonald's Corporation is our parent corporation.  McDonald's Corp. purchased all companies doing business as Boston Market on May 26, 2000.  McDonald's owns the stock of Boston Market Corporation.  Boston Market Corp. is a separate legal entity that McDonald's owns.

McDonald's has us handle our accounting and other functions in a manner that is consistent or compatible with theirs, because Boston Market financials roll up into McDonald's.

If you have any questions please feel free to call Kyle McCall at (303) 216-5782.

Thank you for your assistance.

Sincerely,

Kyle McCall
Boston Market Corporation
Payroll Tax & Reporting Manager



Boston Market Corporation
P.O. Box 4086
14103 Denver West Parkway
Golden Colorado 80401-4086
303.278.9500

New York State
Division of Labor Standards Board
PO Box 675
New York, NY 10014-0675
Attn: Ellen Davidow

August 2, 2001

Dear Ellen,

Enclosed is the only document that our legal department would provide me with. I do not believe that this is going to be enough. I explained to them about the financial responsibility part and they told me that they could not put anything in writing stating the fact that McDonald's would assume the responsibility.

If we have to wait another two years then that's what we will do.

If you have any questions please feel free to call Kyle McCall at (303) 216-5782.

Thank you for your assistance.

Sincerely,

Kyle McCall

Kyle McCall
Boston Market Corporation
Payroll Tax & Reporting Manager

DIV. OF LABOR STANDARDS
RECEIVED
A. S. U.
AUG 7 2001

Rec-0011722 020

STATE OF COLORADO    )
                            )
COUNTY OF JEFFERSON  )

## AFFIDAVIT

**BEFORE ME,** the undersigned authority, personally came and appeared, **J.**

**RANDAL MILLER,** a person of the full age of majority, who, upon being duly sworn,

did depose and state that:

1. He is the Secretary of Boston Market Corporation, a Delaware corporation, formerly known as Golden Restaurant Operations, Inc.
2. McDonald's Corporation owns 100% of the outstanding capital stock of Boston Market Corporation.

**FURTHER AFFIANT SAYETH NOT.**

**EXECUTED** this **31st** day of **July** , 2001.

_____
J. Randal Miller


**SWORN TO AND SUBSCRIBED** before me, the undersigned authority, on the **31st** day of **July** , 2001, by J. Randal Miller, personally known to me.

_____
Notary Public

**MELODY A. ROBERTS**
**NOTARY PUBLIC**
**STATE OF COLORADO**

My Commission Expires Sept. 12, 2004



Boston Market Corporation
P.O. Box 4086
14103 Denver West Parkway
Golden Colorado 80401-4086
303.278.9500



RECEIVED
DIVISION OF LABOR STANDARDS
A. S. U.

JUN 21 2001

New York State
Division of Labor Standards Board
PO Box 675
New York, NY 10014-0675

June 19, 2001

Dear Mr. Davidow,

In response to your letter dated April 24, 2001, enclosed you will find all of the information that you requested for review.

1.    # of employees we employed in New York, period ending May 27, 2001 is 1247
2.    # of employees we employed in New York, period ending May 29, 2000 is 1264
3.    The average number of employees employed outside of New York in the last three years is 36,448.
4.    Workers' Compensation Carrier:  Zurich American Insurance
                      Claims:  Gallagher Bassett Services
                      Policy #:
                      Effective Date:  05/26/2000 to 1/01/2001
5.    Disability Coverage Carrier:  GE Group Life Assurance Company
                      Policy #:
                      Effective Date:  01/01/2001
6.    FEIN: 36-4325852
7.    We use Remacs and PeopleSoft which are computerized record-keeping systems for payroll which keeps specific hours worked, rate of pay, gross wages, deductions and date of pay for each employee.
8.    Boston Market does not employ any manual workers that belong to a Union.

If you have any questions please feel free to call Kyle McCall at (303) 216-5782.
Thank you for your assistance.

Sincerely,

Kyle McCall

Kyle McCall
Boston Market Corporation
Payroll Tax & Reporting Manager



Boston Market Corporation
P.O. Box 4086
14103 Denver West Parkway
Golden Colorado 80401-4086
303.278.9500



RECEIVED
DIV OF LABOR STANDARDS
A. S. U.

JUN 2 1 2001

New York State
Division of Labor Standards Board
PO Box 675
New York, NY 10014-0675

June 19, 2001

Dear Mr. Davidow,

In response to your letter dated April 24, 2001, enclosed you will find all of the information that you requested for review.

1. # of employees we employed in New York, period ending May 27, 2001 is 1247
2. # of employees we employed in New York, period ending May 29, 2000 is 1264
3. The average number of employees employed outside of New York in the last three years is 36,448.
4. Workers' Compensation Carrier: Zurich American Insurance
   Claims: Gallagher Bassett Services
   Policy #: ████████
   Effective Date: 05/26/2000 to 11/01/2001
5. Disability Coverage Carrier: GE Group Life Assurance Company
   Policy #: ████████
   Effective Date: 01/01/2001
6. FEIN: 36-4325852
7. We use Remacs and PeopleSoft which are computerized record-keeping systems for payroll which keeps specific hours worked, rate of pay, gross wages, deductions and date of pay for each employee.
8. Boston Market does not employ any manual workers that belong to a Union.

If you have any questions please feel free to call Kyle McCall at (303) 216-5782.
Thank you for your assistance.

Sincerely,

Kyle McCall
Boston Market Corporation
Payroll Tax & Reporting Manager

Rec-0011722 023



**STATE OF NEW YORK**
**DEPARTMENT OF LABOR**
**DIVISION OF LABOR STANDARDS**
PO Box 675
New York, NY 10014-0675

April 24, 2001

Kyle McCall
Payroll Tax & Reporting Manager
Boston Market Corporation
14103 Denver West Parkway
P.O. Box 4086
Golden, CO 80401-4086

Dear Kyle McCall:

This is in response to your April 10, 2001 letter, addressed to Supervising Labor Standards Investigator Dennis Dranchak, wherein you request that **Boston Market Corporation** be granted permission to pay its manual workers in New York State less frequently than on a weekly basis. I have enclosed a copy of Section 191.1a(ii) of the New York State Labor Law which, upon authorization, allows either a bi-weekly or a semi-monthly payment frequency.

In order to establish that **Boston Market Corporation** meets the qualifying criteria, the following documentation should be forwarded to this office for review:

A letter from a responsible official attesting to:

- the number of all employees on the employer's payroll in New York State at the end of a pay period from last month and from pay periods 12 months, 24 months and 36 months earlier **OR** the number of all employees on the employer's payroll in New York State at the end of a pay period from last month and from the pay period 12 months earlier and the average number of employees outside of New York State during the last three years. **(Please note that the statute requires that the employer *"has in the three years preceding the application employed an average of one thousand or more persons in this state or has for one year preceding the application employed an average of one thousand or more persons in this state and has for three years preceding the application employed an average of three thousand or more persons outside the state."*)**

- the policy numbers, effective dates and names of insurers providing the employer's current Workers' Compensation and Disability Coverage;

- the employer's Federal Employer Identification Number (FEIN);

- whether the employer has a computerized record-keeping system for payroll which specifies hours worked, rate of pay, gross wages, deductions and date of pay for each employee;

Rec-0011722   024

- whether any of the employer's manual workers in New York State are represented by a labor organization. If they are, the employer should present a letter from an appropriate official of each such union attesting to the fact that it consents to the requested pay period extension.

Please note that the term "employer" in this context means one legal entity, and may not be extended to cover several legally distinct entities related by common ownership.

The statute requires proof that there are no outstanding warrants against the employer for failure to remit Unemployment Insurance contributions. To allow the Division of Unemployment Insurance to provide this proof to us directly, it will be necessary for a responsible officer of the employer to execute the enclosed RELEASE FORM and return it to us along with the documentation enumerated above.

The statute also requires proof that there are no outstanding warrants against the employer for failure to remit state Personal Income Tax withholdings.  You may obtain such proof by writing to the Department of Taxation and Finance and asking them to furnish you with a letter certifying that fact.  The appropriate address is as follows:

Carol Brennan
New York State Department of Taxation and Finance
Tax Compliance Division
State Office Building Campus
Building #8, Room 939
P.O. Box 5149
Albany, NY 12205-5149
(518) 485-6631

In your correspondence to the above agency, please be sure to refer to your Federal Employer Identification Number (FEIN).  After you receive a response, please forward the original to this office.  Upon our receipt from you of the statement by the Department of Taxation and Finance, we will initiate our review of your application and will notify you promptly if it is not in order.  Subsequently, the Commissioner of Labor will apprise you directly of his decision concerning your request.

If you have any questions or concerns, please feel free to phone me at (212) 352-6044.

Very truly yours,

E. Davidow
Supervising Labor Standards Investigator
Administrative Services Unit

2

bcc: Director Richard J. Polsinello
    Assistant Director Jack L. Mrozak
    Chief Harry Aloisi
    Supervising Investigator Dennis Dranchak

3

Rec-0011722  026



Boston Market Corporation
14103 Denver West Parkway
P.O. Box 4086
Golden, CO 80401-4086

New York State
Division of Labor Standards Board
44 Hawley
Binghamton, NY 13901
Attn:   Dennis Dranchak

April 10, 2001

Dear Dennis,

We are writing to you from our Support Center in Colorado requesting permission to pay our manual workers, employed in New York, Bi-weekly as opposed to weekly. Currently we pay all of our employees Bi-weekly, with the exception of New York. Changing the frequency in New York would help us to cut costs and to streamline our payroll process.

We have 57 Boston Market locations in New York and employ 1236 people. Out of those 1236 people 148 are salaried employees and 1088 are hourly employees.

Our FEIN is             state tax withholding number is             nd state unemployment number is

If you have any questions please feel free to call Kyle McCall at (303) 216-5782.

Thank you for your assistance.

Sincerely,

Kyle McCall
Boston Market Corporation
Payroll Tax & Reporting Manager

Rec-0011722  027

List of Locations

| Tax Loc | Address 1 | City | St | Zip |
|---|---|---|---|---|
| 00036 | Village Plaza | Clifton Park | NY | 12066 |
| 00054 | 130 North Bedford Rd | Mount Kisco | NY | 10549 |
| 00075 | 22H Shore Road | Port Washington | NY | 11050 |
| 00108 | 77 Quaker Ridge Road | New Rochelle | NY | 10804 |
| 00126 | 184 Broadway Avenue | Saratoga Springs | NY | 12866 |
| 00127 | 1720 Union Street | Schenectady | NY | 12309 |
| 00211 | 667 Boston Post Road | Mamaroneck | NY | 10543 |
| 00225 | 2091 Hillside Avenue | New Hyde Park | NY | 11042 |
| 00232 | 753 New London | Latham | NY | 12110 |
| 00234 | 964-966 Middle Country Rd. | Selden | NY | 11784 |
| 00235 | 6709 Pittsford-Palmyra Road | Fairport | NY | 14450 |
| 00280 | 168 West Merrick Road | Valley Stream | NY | 11580 |
| 00311 | 3962 Hempstead Tpke. | Bethpage | NY | 11714 |
| 00340 | 32 N Main Street | New City | NY | 10956 |
| 00373 | 32 Xavier Drive | Yonkers | NY | 10701 |
| 00418 | 168 Atlantic Avenue | Freeport | NY | 11520 |
| 00423 | 23-90 Bell Blvd | Bayside | NY | 11360 |
| 00463 | Broadway, Parcel No. 3005 | Hicksville | NY | 11801 |
| 00464 | 1605 Deer Park Avenue | Deer Park | NY | 11729 |
| 00533 | 652 and 654 Central Avenue | Scarsdale | NY | 10583 |
| 00546 | 5124 Northern Boulevard | Woodside | NY | 11377 |
| 00548 | 1 Elsmere Ave | Delmar | NY | 12054 |
| 00597 | 163 East Montauk Hwy | Lindenhurst | NY | 11757 |
| 00608 | 171-50 Northern Blvd. | Flushing | NY | 11358 |
| 00617 | 2380 Delaware Ave. | Buffalo | NY | 14216 |
| 00641 | 61-45 188th St | Fresh Meadows | NY | 11365 |
| 00661 | 2700 W. Ridge Road | Greece | NY | 14626 |
| 00663 | 1465 Forest Avenue | Staten Island | NY | 10302 |
| 00695 | 271 W. 23rd Street | New York | NY | 10011 |
| 00805 | 4185 Maple Rd | Amherst | NY | 14226 |
| 00852 | 803 Montauk Highway | Shirley | NY | 11967 |
| 00875 | 23 Montauk Hwy. | East Islip | NY | 11730 |
| 00879 | 60-18 Metropolitan Avenue | Ridgewood | NY | 11385 |
| 00915 | 343 Rockaway Turnpike | Lawrence | NY | 11559 |
| 00950 | 3371-85 East Tremont Avenu | Bronx | NY | 10465 |
| 00956 | 3823 Union Road | Cheektowaga | NY | 14225 |
| 00990 | 106-24 71st Avenue | Forest Hills | NY | 11375 |
| 01092 | 83-02 Atlantic Avenue | Ozone Park | NY | 11416 |
| 01152 | 2530 Hylan Boulevard | Staten Island | NY | 10306 |
| 01153 | 854 Arthur Kill Road | Staten Island | NY | 10312 |
| 01169 | 400 Route 211 East | Middletown | NY | 10940 |
| 01170 | 1180 Route 9 South | Wappinger Falls | NY | 12590 |
| 01179 | 419 Old Country Road | Westbury | NY | 11590 |
| 01412 | 942 Jefferson Road | Henrietta | NY | 14467 |
| 01439 | 301 Frank Sottile Boulevard | Kingston | NY | 12401 |
| 01589 | 1972 Ralph Avenue | Brooklyn | NY | 11234 |
| 01669 | 50-01 Queens Boulevard | Queens (Woodsi | NY | 11377 |
| 01672 | 603 Hempstead Turnpike | West Hempstead | NY | 11552 |
| 01775 | 90 Broadhollow Road | Farmingdale | NY | 11735 |
| 01777 | 80 East Main Street | Smithtown | NY | 11787 |

Rec-0011722  028

| Tax Loc | Address 1 | City | St | Zip |
|---|---|---|---|---|
| 01809 | 4408 Milestrip Road | Blasdell | NY | 14219-2553 |
| 01833 | 1225 Western Avenue | Albany | NY | 12201-0678 |
| 01889 | 2010 Bartow Avenue | Bronx | NY | 10470 |
| 02096 | 605 Portion Rd. | Lake Ronkonkom | NY | 11779 |
| 02238 | 2450 Rt-9 | Fishkill | NY | 12524 |
| 02301 | 520 Walt Whitman Rd. | Melville | NY | 11747 |
| 02351 | 2170 Jericho Turnpike | Commack | NY | 11725 |
| GRONY | Use Employee's Home Addre | | NY | |

Rec-0011722  029