# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone 212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

August 9, 2022

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:   *Fitzpatrick and Caputo, v. Boston Market Corp.*, 21 CV 9618 (PAE)

Dear Judge Engelmayer:

We write in response to Defendant's submission of August 13, 2022 (due August 12, 2022), in which their counsel addressed Your Honor's Order that it submit an opposition to Plaintiff's motion for class certification, if any, and an explanation as to its failure to submit a timely opposition to Plaintiff's class certification motion. Defendant admittedly does not oppose Plaintiff's motion for class certification.  For the reasons set forth in Plaintiff's original moving papers, Plaintiff's unopposed motion for class certification should be granted.

Despite being mostly irrelevant to the issue at hand (namely, Plaintiff's motion for class certification), in its declaration, Defendant appears to be arguing that it believes the case should be dismissed on the merits despite the fact they have not filed any motion to dismiss or motion for summary judgment.  We apologize in advance for positing a preview of our merits-based argument as to why Defendant's silver bullet defense is wholly off-base, but given the nature of Defendant's slapdash submission, we believe it is necessary to at least address its position with the following brief points:

- Defendant does not appear to have any admissible evidence that it in fact received permission—pursuant to N. Y. Lab. Law § 191—from the New York State Department of Labor ("NYSDOL") to pay its employees less frequently than weekly.  Defendant simply proffers a paper with NYSDOL's emblem on top that purports to list what companies have received such permission as of April 2022 (the "List").

- As we informed Defendant's counsel when it gave us the List (two days before the extended date by which Defendant's opposition to Plaintiff's motion for class certification

was due), the List is not admissible evidence.  Though it appears to be on NYSDOL's stationary, it is unclear how that list came to be, who made it, and what steps were taken to determine that the companies on the list in fact received permission to pay less frequently than weekly.

- To be sure, the NYSDOL does not appear to maintain a "running list" of such companies, and, we are unaware of any such list that was ever available to the public both prior to and since April 2022.  The List Defendant produced was available on the NYSDOL's website for a fleeting period of time (possible severally weeks), and—as Defendant blatantly failed to tell the Court—is no longer available on the website.  The link Defendant provided in their declaration is, in fact, a dead link.[1]  The NYSDOL did not even produce this List in its response to Defendant's subpoena despite the fact that the list would have been obviously responsive to the description of documents Defendant sought from the NYSDOL.[2]

- As the set of documents produced by the NYSDOL and dumped by Defendant on the Court indicates, in late 2004, there was some back and forth between Defendant and the NYSDOL regarding Boston Market's request for an exemption, but in the end, there was no communication that the exemption was, in fact, granted.  (Plaintiff's counsel respectfully notes that we have seen such communications between he NSYDOL and companies that have received such exemptions.)

- The issues raised above are precisely issues to be addressed in discovery, a process which Defendant (not surprisingly) is hoping to avoid.  Plaintiff believes now more than ever that the NYSDOL "list" was made in haste and inadvertently included companies that for whatever reason *did not* receive the exemption.  After receiving Defendant's subpoena, the NYSDOL's realized its error, took the list off its website, and did not produce the list in response to Defendant's subpoena.

- In short, the NYSDOL and Defendant do not have the typical letter in which the NYSDOL would grant the exemption, because it was likely never granted.  This will likely be the focus of the Parties' efforts in post-certification discovery at the end of which Plaintiff intends to move for summary judgment in light of Defendant's failure to proffer or even point to the likelihood of any admissible evidence that they were exempt form the requirements of N.Y. Lab. Law § 191.

---

[1] *See* https://dol.ny.gov/system/files/documents/2022/04/authorized-employers-monthly-report.pdf. This is the link that is referenced in Defendant's declaration at paragraph 6 and which does not provide the information Defendant says it does.

[2] Specifically, in the subpoena Defendant referenced in their declaration, they sought "Any applications, records, letters, or acknowledgements granting Boston Market the waiver  to pay manual workers on a biweekly basis that appears on the DOL website at: https://dol.ny.gov/system/files/documents/2022/04/authorized-employers-monthly-report.pdf." (A copy of the subpoena is attached hereto as "Exhibit A."). Any list of exempt companies that would have included Boston Market would be covered by "records" or "acknowledgments" of any alleged exemption Boston Market was granted.

In conclusion, the issue at hand is Plaintiff's motion for class certification, which is unopposed and should be granted for the reasons set forth in Plaintiff's moving papers.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

<u>/s/*Josef Nussbaum*</u>
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)