

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**GREGORY B. REILLY**
greilly@bsk.com
P: 646.253.2330
F: 646.253.2301

October 4, 2022

<u>**VIA ELECTRONIC FILING**</u>

Honorable Paul A. Engelmayer
United States District Judge
United States District Court, Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re:   *Fitzpatrick, et al. v. Boston Market Corporation*
      Civil Action No.:  21-cv-9618-PAE

Dear Judge Engelmayer:

We represent the defendant, Boston Market Corporation ("Defendant"), in the above-referenced action.  We write to advise the Court that Defendant intends to make an early motion for summary judgment dismissing the Amended Complaint of the named plaintiffs, Thomas Fitzpatrick and Arthur J. Caputo (collectively, "Plaintiffs"), pursuant to Fed. R. Civ. P. 56, and to request that the Court schedule and conduct a pre-motion conference.

We understand that Your Honor's Individual Rules and Practices in Civil Cases provide that parties seeking to move for summary judgment "must, within 14 days of the close of fact discovery, request that the pre-motion/pretrial conference previously scheduled for after the close of fact discovery serve as a pre-motion conference" (Rule 3.H).  However, due to the unique circumstances presented here, we respectfully submit that this action can be fully and finally resolved on summary judgment at this early stage of the proceedings as the result of information that has come to light during the course of the limited discovery the parties have conducted to date.  Thus, we ask that the Court conduct a pre-motion conference as soon as Your Honor's calendar will permit, and that Defendant be granted leave to move for summary judgment.

**<u>Plaintiffs' Claim Against Defendant</u>**

Plaintiffs' Amended Complaint only sets forth a single claim, alleging that Defendant violated New York Labor Law § 191 by failing to pay its employees, who constitute "manual workers" under the Labor Law, on a weekly basis.  Amended Complaint (Doc. No. 7), ¶¶ 88-91.  The pertinent provision of the Labor Law states, in relevant part, that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."  NYLL § 191(1)(a)(i).

Honorable Paul A. Engelmayer
October 4, 2022
Page 2

Plaintiffs contend that they constitute(d) "manual workers" within the meaning of NYLL § 191(1)(a)(i).  Amended Complaint, ¶ 3.  They further allege that "[t]he timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the New York Class" and "Defendant failed to pay Plaintiffs and the New York Class on a timely basis as required by NYLL § 191(1)(a)."  Amended Complaint, ¶¶ 89-90.  More specifically, Plaintiffs allege that, "[a]t all relevant times, Defendant has compensated them and all other Manual Workers on a bi-weekly basis" and, thus, "failed to properly pay Plaintiffs and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned," in violation of NYLL § 191(1)(a)(i).  Amended Complaint, ¶¶ 4-5.  Accordingly, Plaintiffs' claim is entirely dependent on Defendant having been required to pay its "manual workers" on a weekly basis pursuant to Labor Law § 191(1)(a)(i), but failing to do so.  *See, e.g.* Amended Complaint, ¶¶ 3-5, 89-91.  However, evidence uncovered by Defendant has revealed that this condition precedent to the viability of Plaintiffs' claim is not satisfied here, and such claim is therefore invalid and cannot succeed.

**Defendant is Exempt from the Weekly Pay Requirement of Labor Law § 191(1)(a)(i)**

In addition to establishing the frequency with which employees defined as "manual workers" must be paid, NYLL § 191 further provides, *inter alia*, that the Commissioner of the New York State Department of Labor ("DOL") "may authorize an employer . . . to pay [manual workers] less frequently than weekly but not less frequently than semi-monthly."  NYLL § 191(1)(a)(ii).  In other words, DOL is authorized to exempt certain employers from the weekly pay requirement of NYLL § 191(1)(a)(i) and instead pay "manual workers" on a biweekly or semi-monthly basis, pursuant to NYLL § 191(1)(a)(ii).

As explained in prior submissions to this Court, DOL granted Defendant such an exemption from the weekly pay requirement of NYLL § 191(1)(a)(i) and authorized it to pay its "manual workers" less frequently, in accordance with Section 191(1)(a)(ii).  Declaration of Gregory B. Reilly, dated August 12, 2022 ("Reilly Decl.") (Doc. No. 39), ¶¶ 5-7; *see also* Doc Nos. 41-42.  Defendant began investigating the existence of a possible exemption from DOL after this action was filed, but was unable to find proof of the exemption in its files.  Reilly Decl., ¶ 5.  However, we then located DOL's online listing of employers exempted from the weekly pay requirement of NYLL § 191(1)(a)(i) and the dates on which each exemption was first granted – including Defendant, which was first granted the exemption on October 4, 2004.  Reilly Decl., ¶¶ 6-7; Doc. No. 39-1, ¶ 23.  As noted previously (*see* Doc. No. 41), DOL apparently removed that listing and published an updated list of employers exempt as of August 5, 2022, which can be accessed at: https://dol.ny.gov/system/files/documents/2022/08/monthlyrptinternetpostingpermissiontopaybimonthly.pdf.  Defendant is listed in paragraph 24 of this updated list.

We informed opposing counsel of the listing of exempt employers on DOL's website on June 20, 2022, and requested that they voluntarily discontinue this action.  Plaintiffs' counsel advised that they did not wish to relinquish Plaintiffs' claim in sole reliance on DOL's website listing, and

Honorable Paul A. Engelmayer
October 4, 2022
Page 3

asked that we provide additional documentation demonstrating that Defendant requested the exemption. In an effort to assuage counsel's purported concerns regarding the information we obtained directly from DOL's website, we served DOL with a subpoena and made a Freedom of Information Law ("FOIL") request seeking additional information and documentation. We received DOL's response to our FOIL request on August 12, 2022. *See* Doc. No. 39-2; Doc. No. 39-3, at 11. Although DOL's response to our FOIL request confirmed that Defendant requested the exemption, and DOL's website reflects that the exemption was granted, Plaintiffs' counsel still declined to voluntarily discontinue this action – notwithstanding that they cannot now submit papers to this Court "certifying that to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [Plaintiffs'] claims . . . and other legal contentions are warranted by existing law" or that Plaintiffs' "factual contentions have evidentiary support." *See* Fed. R. Civ. P. 11(b)(2)-(3).

In a further good faith attempt to obtain additional documentation, we appealed DOL's response to our FOIL request on the ground that it did not include any documents reflecting the approval of Defendant's application. On August 16, 2022, our appeal was granted and DOL provided a copy of the letter approving Defendant's exemption request. However, the copy provided was not on DOL (or any) letterhead, so we again contacted DOL and requested that they provide a copy of the letter on official letterhead. On September 22, 2022, DOL advised us that they were unable to locate a copy of the letter on letterhead in their files. Thereafter, Plaintiffs' counsel took the deposition of Michael Orr, Defendant's former Director of HR Operations (to whom DOL directed its letter advising that Defendant's exemption request was granted), who testified that the letter provided by DOL was, in fact, the letter he received originally, except that the original was on DOL letterhead. Plaintiffs' counsel still refuses to discontinue this action.

Based on the exemption Defendant received from DOL, it was permitted to pay its "manual workers" on a biweekly basis at all times relevant to this action, and Plaintiffs' claim that Defendant failed to pay them on a weekly basis in violation of NYLL § 191(1)(a)(i) is without merit and cannot succeed. Defendant seeks to move for summary judgment on the ground that the body of pertinent – and uncontradicted – evidence plainly establishes that Defendant is exempt from compliance with NYLL § 191(1)(a)(i) – the law upon which Plaintiffs' sole claim is premised – and Plaintiffs' claim is therefore wholly lacking in merit, if not entirely frivolous.

Thank you for your time and consideration.

Respectfully,

BOND, SCHOENECK & KING, PLLC

 */s/ Gregory B. Reilly*

Gregory B. Reilly

cc: All Attorneys of Record (*via CM/ECF Electronic Filing*)

14880213