# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone 212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

October 25, 2022

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *Fitzpatrick and Caputo, v. Boston Market Corp.,* **21 CV 9618 (PAE)**

Dear Judge Engelmayer,

   We represent Plaintiffs in the above-referenced matter. We write in response to Defendant Boston Market Corp.'s ("BMC" or "Defendant") letter seeking a pre-motion conference in anticipation of a late motion for summary judgment. On the current record and given Defendant's complete failure to properly present its defense as required by FRCP and FRE, summary judgment is unwarranted. Further, Plaintiffs respectfully request that the Court consider sanctions against Defendant for wasting theirs and the Court's time by failing to diligently investigate Plaintiff's claims and disclose how it intends to establish its defense at trial, leaving Plaintiffs groping in the dark into (a) whether Defendant actually had a letter from the NYSDOL in its possession allowing it to pay manual employees biweekly, and (b) what other evidence Defendant intends to submit in this regard.

   This is a one issue case, namely: did Defendant violate the New York Labor Law by paying its manual laborer restaurant employees on a bi-weekly basis. The case was filed over 11 months ago, and the Parties have already completed class-wide discovery and briefed a motion for class certification. Despite the straightforward nature of these claims, Defendant's management of this case has been completely mystifying. While Defendant now claims it received an authorization from the Commissioner of the New York State Department of Labor ("DOL") allowing it to pay its employees bi-weekly, it did not mention the existence of such a letter at any point of this litigation prior to class certification discovery and motion practice. Moreover, even since the time that Defendant claims to have received an authorization letter, they have continued to fail to create a record that could lead this case to resolution.

Per Defendant's counsel, at the outset of the case and prior to class discovery and motion practice, Defendant was aware that an authorization letter might exist. Declaration of Gregory B. Reilly, dated August 12, 2022 ("Reilly Decl.") (Doc. No. 39), ¶ 5.  Defendant could have easily informed the Court and Plaintiffs of such a letter at any early point of the case by asserting an affirmative defense in their Answer, mentioning it at the Parties' Rule 26(f) Conference and/or Rule 16 Initial Conference, listing it in their initial disclosures, or discussing it at the corporation's deposition. However, Defendant simply failed to do so.  In fact, despite seeking to now file a motion for summary judgment which would ostensibly depend on documentary evidence and/or witness testimony, Defendant has still not served initial disclosures in this case. See Fed. R. Civ. P. 26(a).

While Defendant claims that it first found out about the letter after Plaintiffs' class certification motion was filed, it has essentially sat on its hands since the time it alleges to have first discovered an authorization existed.  Plaintiffs filed a motion for class certification on May 2, 2022.  One day before the opposition was due, Defendant requested and was granted a three-week extension to file, until June 22, 2022. (Dkt. No. 34.).  However, Defendant never file an opposition and did not request a further extension from the Court (or from plaintiff's counsel).  Instead, on June 20, 2022 Defendant proffered a paper with DOL's emblem on top that purports to list companies that had received authorizations to pay bi-weekly as of April 2022 (the "List"). Plaintiffs informed Defendant's counsel that the List on its own was not admissible evidence and requested that Defendant produce a copy of the authorization letter they allegedly received. Defendant later filed additional information it had received from the DOL which Defendant claimed established that it had received an authorization. Again, Plaintiffs informed Defendant's counsel that this information was not admissible evidence and, in any event, still did not include a copy of the authorization letter Defendant allegedly received. Defendant finally produced a letter it had received but, quite oddly, that letter was not printed on DOL letterhead (the "Letter") (A copy of the letter Defendant received is attached hereto as "Exhibit A."). Plaintiffs once again informed Defendant that this was insufficient information and, in any event, inadmissible evidence on its own.

In an abundance of caution, Plaintiffs took the deposition of the addressee of the Letter. As Defendant has not served initial disclosures, Plaintiffs were required to track this individual down in Oklahoma in order to take his deposition.  In other words, Plaintiffs were required to do Defendant's job for them.  While this witness testified that BMC did receive an authorization letter, the witness insisted that any such letter was written on DOL letterhead. *See* Exhibit B (excerpt of transcript from this witness's deposition).  In other words, per the recipient of the authorization letter's testimony, the Letter Defendant proffered that it received from the NYDOL and was not on letterhead was certainly not the letter that the company had received.

Without any Rule 26 Disclosures, we *still* do not know: (A) On what actual letter does Defendant rely? (B) Who will testify on their behalf as to the authenticity of such letter? (*see generally* FRE 901); and (C) If they cannot present an authenticated version of the actual letter (it is truly hard to see how they might do so at this point), which undisclosed individual at either the NYDOL or Boston Market will testify on their behalf with sufficient specificity?  While it seems that with some diligence Defendant could have presented evidence to mount a legitimate defense to the claims in this action, it opted instead to simply dump the results of the FOIA request on

Plaintiffs and the Court and hope that we all walk away without requiring them to put forth a defense that actually holds up under the Federal Rules of Evidence and Rules of Civil Procedure.

It is well settled that "grossly negligent" conduct may be sanctioned under both Fed. R. Civ. P. 37 and the Court's inherent powers. *Penthouse Int'l, Ltd. v. Playboy Entm't, Inc*., 663 F.2d 371, 387 (2d Cir. 1981); *see Metro. Opera Ass'n v. Local 100, Hotel Employees and Restaurant Employees Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003).  Indeed, the Court has "broad discretion" to determine whether plaintiff's conduct was sanctionable, "[i]n view of the fact that the trial court has firsthand familiarity with all of the pertinent circumstances of the particular case." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc*., No. 03 Civ. 5562, 2005 U.S. Dist. LEXIS 16772, 2005 WL 1958361, at *11 (S.D.N.Y. Aug. 16, 2005) (internal quotation marks and citation omitted).

Rule 37 provides that: "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  As Defendant has not identified any witnesses in this case, it is simply impossible for it to adduce any evidence at this time as to the nature of the document they submit entitles them to summary judgment. *See, e.g., DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4));  ("At the summary judgment stage, a district court should consider only evidence that would be admissible at trial. *See Nora Beverages*, 164 F.3d at 746. "[W]here a party relies on affidavits . . . to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated.'" *see also Sellers*, 842 F.2d at 643 (2d Cir. 1988) ("Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge . . . .") (citation omitted)).

Under Rule 37(c)(1), a court may sanction a party that "fails to provide information . . . as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1).  Under this provision, Courts may impose, *inter alia*, the following sanctions for violation of Rule 26(e): imposition of attorneys' fees and costs expended, preclusion of the information at trial, or dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii)—(v); 37(c)(1)(A). "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64, 100 S. Ct. 2455, 65 L. Ed. 2d 488 1980) (internal quotation marks and citation omitted).  In selecting the appropriate sanction, the Court may consider the full record in the case. *Abreu v. City of New York*, 208 F.R.D. 526, 529 (S.D.N.Y. 2002).

Here, there is no question that Defendant (a) did not properly investigate their defenses in this case, and (b) never served initial disclosures (even after they received responses from the DOL).  As a result of these omissions, Defendant is not entitled to summary judgment.  Plaintiffs acknowledge that all signs point to BMC having received an authorization to pay its employees bi-weekly.  However, due to Defendant and/or Defendant counsel's complete mismanagement of this lawsuit, the Parties have been left litigating claims which could be easily resolved and thus Defendant should have to pay for the wastefulness they have caused.  Thus, should the Court be

3

inclined to grant summary judgment in Defendants' favor, Plaintiff seeks an Order that Defendant should pay Plaintiff's attorneys' fees incurred for the entirety of this litigation.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

s/*Josef Nussbaum*
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)